1

2

3

4

5

6

7               **UNITED STATES DISTRICT COURT**

8               **DISTRICT OF NEVADA**

9

10  CODY DEAN BYRD,

11          Plaintiff,                          Case No. 2:11-CV-00096-KJD-PAL

12  v.                                          <u>**ORDER**</u>

13  MERIDIAN FORECLOSURE SERVICE,
    *et al*.,

14
            Defendants.
15

16
            Presently before the Court is Defendant Deutsche Bank National Trust Company's Motion to
17
    Dismiss (#4) and Defendant One West Bank, FSB's Motion to Dismiss (#5).  To date, Plaintiff has
18
    failed to file points and authorities in opposition to either motion as provided in Local Rule 7-2.
19
    Local Rule 7-2(d) allows the Court to consider failure to file points and authorities in opposition
20
    as consent to the granting of the motion.  Additionally, the Court has reviewed Deutsche's Motion, and
21
    finds it to have merit.
22
    I.  Background and Procedural History
23
            Plaintiff Cody Dean Byrd executed a promissory note and deed of trust for the property
24
    located at 7946 Lookout Rock Circle, Las Vegas, Nevada 89129, in December, 2005.  Specifically,
25
    Plaintiff took out a mortgage with Aspen Mortgage, LLC in the amount of $809,818.00, and secured
26

the loan with a deed of trust.  It is undisputed that Plaintiff stopped making the regular mortgage payments on his loan.  Defendants have now moved to dismiss all of Plaintiff's claims for failure to state a claim upon which relief may be granted.

II.  Standard for a Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party."  Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  Consequently, there is a strong presumption against dismissing an action for failure to state a claim.  See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

The Iqbal evaluation illustrates a two prong analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory.  Id. at 1949-51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief."  Id. at 1951.  If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

III.  Analysis

A.  Breach of Contract

A breach of contract requires showing of (1) the existence of a valid contract, (2) performance or excuse for non-performance of the contract, (3) breach, and that (4) damages have been sustained as a result of the breach.  Calloway v. City of Reno, 993 P.2d 1259 (Nev. 2000).

1    Plaintiff alleges that Defendants breached the promissory note by refusing to produce the

2    original note before commencing non-judicial foreclosure proceedings. (Complaint ¶ 17).  The ever-

3    expanding body of case law within this district holds that the Nevada law governing non-judicial

4    foreclosure, NEV. REV. STAT. § 107.080, does not require a lender to produce the original note as a

5    prerequisite to nonjudicial foreclosure proceedings. Weingartner v. Chase Home Finance, LLC, 702

6    F.Supp.2d 1276, 1280 (D. Nev. 2010).

7    Moreover, Plaintiff admits that he defaulted on his loan by ceasing to make payments. Thus,

8    he may not assert a breach of contract claim against Defendants. Finally, Plaintiff does not allege

9    privity of contract between himself and the Defendants.  Therefore, Plaintiff's breach of contract

10   claim fails as a matter of law.

11       B.  Negligence

12   To bring a negligence claim in Nevada, a plaintiff must show that (1) defendant owed a duty

13   of care to plaintiff; (2) defendant breached that duty; (3) defendant's breach was the actual and

14   proximate cause of the plaintiff's injuries; and (4) plaintiff was injured.  Scialabba v. Brandise

15   Constr., 921 P.2d 928, 930 (Nev. 1996).  Liability based on negligence does not exist without a

16   breach of a duty.  Bradshaw v. Blystone Equip. Co. of Nev., 386, P.2d 396, 397 (Nev. 1963).

17   Plaintiff alleges that Defendants owed him a duty to (1) produce the original note before

18   commencing non-judicial foreclosure proceedings and (2) "rightfully allow a loan modification."

19   Nevada law does not require the production of the original note before commencing non-judicial

20   foreclosure proceedings.  Weingartner, 702 F.Supp.2d at 1280.  Nevada law does not recognize a

21   cause of action against lenders for failing to consider their application for loan modification, or even

22   to modify an eligible loan.  Simon v. Bank of Am., N.A., 2010 U.S. Dist. LEXIS 63480, at *26-27

23   (D. Nev. 2010).  Accordingly, Plaintiff's negligence claim is dismissed, with prejudice.

24   ///

25   ///

26

3

1          C.  Intentional Infliction of Emotional Distress

2          In order to show intentional infliction of emotional distress in Nevada, a plaintiff must allege

3   that (1) the defendant engaged in extreme and outrageous conduct with the intention of causing

4   emotional distress or with reckless disregard for plaintiff's emotional distress; (2) the plaintiff

5   suffered severe or extreme emotional distress as a result; and (3) the defendant's action were the

6   proximate cause of plaintiff's emotional distress.  Jordan v. State, 110 P.3d 30, 52 (Nev. 2005).

7          Here, Plaintiff avers that Defendants' failure to produce the original note prior to

8   commencing a non-judicial foreclosure caused emotional distress.  Plaintiff failed to identify any

9   actions taken by Defendants which were extreme and outrageous conduct with the either the

10  intention of, or reckless disregard for, causing emotional distress.  Therefore, the Court finds that

11  Plaintiff has failed to state a claim for intentional infliction of emotional distress.

12         D.  Violation of Fair Debt Collection Practices

13         To be liable for a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq

14  ("FRCPA"), the defendants must, as a threshold requirement, be "debt collector[s]" within the

15  meaning of the Act.  Heintz v. Jenkins, 514 U.S. 291, 294 (1995).  The FRCPA's definition of a debt

16  collector "does not include the consumer's creditors, a mortgage servicing company, or any assignee

17  of the debt, so long as the debt was not in default at the time it was assigned."  Perry v. Stewart Title

18  Co., 756 F.2d 1197, 1208 (5th Cir. 1985).  Mortgagees and their assignees, servicing companies, and

19  trustee fiduciaries are not included in the definition of "debt collector."  Id.  The fourth cause of

20  action is dismissed with prejudice.

21         E.  Violation of the Fair Credit and Reporting Act

22         Under the Fair Credit Reporting Act ("FCRA") 15 U.S. § 1681, et seq. a 'furnisher' must not

23  provide any information to a credit reporting agency if the 'furnisher' 'knows or has reasonable cause

24  to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A).  The complaint fails to

25  allege any fact that would allow the Court to reasonably infer that Defendants are either a 'furnisher'

26                                              4

1   as defined in the FCRA, or committed any acts in violation of the FCRA.  Accordingly, the Court

2   dismisses the FCRA claims against Defendants.

3       F.  Securitization

4           A court may dismiss a claim where there is either a "lack of a cognizable legal theory" or "the

5   absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police

6   Dept., 901 F.2d 696, 699 (9th Cir. 1990).  Nevada law does not impose a legal duty on a lender to

7   inform the borrower of the potential securitization of his mortgage note.  Guerra v. Just Mortg., Inc.,

8   2010 U.S. Dist. LEXIS 123739 at, *12 (D. Nev. November 22, 2010); Chavez v. Cal. Reconveyance

9   Co., 2010 U.S. Dist. LEXIS 63415 at, *5 (D. Nev. July 17, 2010)("NRS 107.080 does not forbid the

10  securitization of a loan").  The sixth cause of action is dismissed with prejudice.

11      G.  The One Action Rule and Cash Collateral

12          The seventh claim for relief is entirely absent of facts sufficient to maintain a cause of action

13  for the one action rule and cash collateral.  The failure to state facts sufficient to state a claim

14  requires dismissal.  Balistreri, 901 F.2d at 699.

15      H.  Service under Federal Rule of Civil Procedure 4(m)

16          Plaintiff's complaint was filed in Nevada state court on December 7, 2010.  Federal Rule of

17  Civil Procedure 4(m) requires service of summons and complaint to be made upon a defendant 120

18  days after the filing of the complaint.  The 120 day time period for effecting service of the summons

19  and complaint upon the remaining Defendants expired no later than April 7, 2011.  Plaintiff has not

20  yet filed proof of service.

21          Accordingly, IT IS HEREBY ORDERED that Plaintiff shall have up to and including

22   April 25, 2011 to file proof of service of the summons and complaint within the allowed time.  If

23  Plaintiff fails to respond or to file proof of service, the Court will dismiss the complaint without

24  prejudice in accordance with Federal Rule of Civil Procedure 4(m).

25

26
                                                5

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant Deutsche Bank National Trust Company's Motion to Dismiss (#4) is **GRANTED**;

IT IS FURTHER ORDERED that Defendant One West Bank, FSB's Motion to Dismiss (#5) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants Deutsche Bank National Trust Company and One West Bank, FSB only and against Plaintiff;

IT IS FURTHER ORDERED that Plaintiff file proof of service of the summons and complaint upon the remaining defendants no later than April 25, 2011.

DATED this 8th day of April 2011.

_____

Kent J. Dawson
United States District Judge

6